# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO PADILLA,<br><br>  Petitioner,<br><br>  v.<br><br>ROBERTO A. ARIAS,<br><br>  Respondent. | Case No. 1:25-cv-00019-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DENIAL OF PETITIONER'S MOTION FOR <u>RHINES</u> STAY AND DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On January 6, 2025, Petitioner filed the instant federal petition for writ of habeas corpus challenging his 2019 Tulare County Superior Court convictions for which he was sentenced to an imprisonment term of twenty-five years to life. (ECF No. 1 at 1.[1]) Petitioner raises four grounds for relief. (<u>Id.</u> at 5–10.)

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, Petitioner acknowledges that all four grounds for relief have not been presented to the highest state court. (ECF No. 1 at 5–7, 9–10, 12.) Petitioner "seeks a stay of this matter pending exhaustion of state remedies due to an emergency transfer, being summoned to court, and needing inmate assistance in preparing a petition for writ of habeas corpus." (Id. at 5.)

Under Rhines v. Weber, 544 U.S. 269 (2005), "stay and abeyance" is available only in limited circumstances, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. 544 U.S. at 277–78.[2] "The caselaw concerning what constitutes 'good cause' under Rhines has not been developed in great detail." Dixon v. Baker, 847 F.3d 714, 720 (9th Cir. 2017). "The Supreme Court has addressed the issue only once, when it noted that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.'" Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005)).[3] The Ninth Circuit has "held that good cause under Rhines does not require a showing of 'extraordinary circumstances,' Jackson v. Roe, 425 F.3d 654, 661–62 (9th Cir. 2005), but that a petitioner must do more than simply assert that he was 'under the impression' that his claim was exhausted, Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008)." Dixon, 847 F.3d at 720.

---

[2] The Court notes that Petitioner would not be entitled to stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), in which a three-step procedure is used: (1) the petitioner amends his petition to delete any unexhausted claims; (2) the court in its discretion stays the amended, fully exhausted petition, and holds it in abeyance while the petitioner has the opportunity to proceed to state court to exhaust the deleted claims; and (3) once the claims have been exhausted in state court, the petitioner may return to federal court and amend his federal petition to include the newly exhausted claims. Kelly, 315 F.3d at 1070–71 (citing Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 986 (9th Cir. 1998)). Although Kelly "does not require that a petitioner show good cause for his failure to exhaust state court remedies," King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009), the Kelly procedure is only available for mixed petitions that contain both exhausted and unexhausted claims given that the second step requires the Court to stay and hold in abeyance an amended, fully exhausted petition. Here, the petition is completely unexhausted. Accordingly, Petitioner is not entitled to a Kelly stay.

[3] In Pace, the Supreme Court noted that a solution to the "predicament" of "a 'petitioner trying in good faith to exhaust state remedies . . . litigat[ing] in state court for years only to find out at the end that he was never "properly filed,"' and thus that his federal habeas petition is time barred" is "filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." 544 U.S. at 416 (citations omitted).

2

1       "A petitioner who is without counsel in state postconviction proceedings cannot be
2 expected to understand the technical requirements of exhaustion and should not be denied the
3 opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." Dixon,
4 847 F.3d at 720. Thus, the Ninth Circuit has found that for federal habeas petitioners who
5 conducted their state post-conviction proceedings pro se, "the first element of the Rhines test can
6 easily be established to the extent that they were without counsel." Dixon, 847 F.3d at 722. Here,
7 Petitioner states that he needs inmate assistance in preparing a petition for writ of habeas corpus
8 and appears to indicate that he filed the instant federal petition as a protective petition. (ECF No.
9 1 at 5.) As it appears that Petitioner has been conducting his state post-conviction proceedings
10 pro se, the Court finds that Petitioner has satisfied Rhines's good cause requirement.

11       "A federal habeas petitioner [also] must establish that at least one of his unexhausted
12 claims is not 'plainly meritless' in order to obtain a stay under Rhines." Dixon, 847 F.3d at 722.
13 "In determining whether a claim is 'plainly meritless,' principles of comity and federalism
14 demand that the federal court refrain from ruling on the merits of the claim unless 'it is perfectly
15 clear that the petitioner has no hope of prevailing.'" Id. (quoting Cassett v. Stewart, 406 F.3d
16 614, 624 (9th Cir. 2005)).

17       In Grounds One and Two, Petitioner raises various arguments and contends that he "has
18 set forth a prima facie for resentencing under Penal Code Section 1176.2[.]" (ECF No. 1 at 18,
19 22.) To the extent Petitioner asserts that he is entitled to resentencing relief, that is an issue of
20 state law and errors of state law generally do not warrant federal habeas corpus relief. See
21 Wilson v. Corcoran, 562 U.S. 1, 5 (2010) (per curiam) ("[I]t is only noncompliance with federal
22 law that renders a State's criminal judgment susceptible to collateral attack in the federal
23 courts."); Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) ("We have stated many times that
24 'federal habeas corpus relief does not lie for errors of state law.' Today, we reemphasize that it is
25 not the province of a federal habeas court to reexamine state-court determinations on state-law
26 questions." (citations omitted)). Therefore, Grounds One and Two are plainly meritless.

27       In Ground Three, Petitioner asserts that the trial court erred in denying his Marsden
28 motion and his motion to withdraw his plea. (ECF No. 1 at 24.) Petitioner alleges that he "was

3

ignorant to tangible matters before the superior court due to the failure of his attorney" and "could not properly and adequately consider the options open to him" because his attorney "did not present options" but only subjected Petitioner to "two plus hours of manipulation." (Id.)

> Under California law, a motion for the appointment of substitute counsel, typically based on a claim "that appointed counsel's representation has in some significant measure fallen below the level required by the Sixth Amendment," *Schell v. Witek*, 218 F.3d 1017, 1021 (9th Cir. 2000) (en banc), is called a "*Marsden* motion." The "ultimate constitutional question" upon review in federal court "is not whether the trial court 'abused its discretion,'" but whether the denial of a *Marsden* motion "actually violated [the petitioner's] constitutional rights" because the conflict "bec[a]me so great that it resulted in a total lack of communication or other significant impediment that resulted in turn in an attorney-client relationship that fell short of that required by the Sixth Amendment." *Id.* at 1026.

Clark v. Broomfield, 83 F.4th 1141, 1155 (9th Cir. 2023). "A defendant is 'entitled to substitute counsel if an "irreconcilable conflict" between a defendant and his counsel prevents counsel from rendering effective assistance.'" Clark, 83 F.4th at 1155 (quoting Michaels v. Davis, 51 F.4th 904, 938 (9th Cir. 2022)). "'An irreconcilable conflict' claim has been recognized 'only where there is a complete breakdown in communication between the attorney and client, and the breakdown prevents effective assistance of counsel.'" Clark, 83 F.4th at 1155 (quoting Stenson v. Lambert, 504 F.3d 873, 886 (9th Cir. 2007)). "Disagreements over strategic[ ] or tactical decisions do not rise to [the] level of a complete breakdown in communication." Clark, 83 F.4th at 1155 (quoting Carter v. Davis, 946 F.3d 489, 507–08 (9th Cir. 2019)). Petitioner's allegations do not demonstrate that there was "a total lack of communication" or "a complete breakdown in communication." Clark, 83 F.4th at 1155. Accordingly, Petitioner has not established that his irreconcilable conflict claim is not plainly meritless.

"A guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (quoting Brady v. United States, 397 U.S. 742, 748 (1970)). "The test for determining whether a plea is valid is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Doe v. Woodford, 508 F.3d 563, 570 (9th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 56 (1985)). "A guilty plea is coerced where a

1  defendant is 'induced by promises or threats which deprive [the plea] of the nature of a voluntary
2  act.'" Doe, 508 F.3d at 570 (quoting Iaea v. Sunn, 800 F.2d 861, 866 (9th Cir. 1986)). "A guilty
3  plea is not knowingly and voluntarily made if it was the result of ineffective assistance of
4  counsel under 'the two-part *Strickland v. Washington* test.'" United States v. Silveira, 997 F.3d
5  911, 913 (9th Cir. 2021) (quoting Hill, 474 U.S. at 56–58). That is, "whether counsel's advice
6  'was within the range of competence demanded of attorneys in criminal cases,'" and "there is a
7  reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would
8  have insisted on going to trial." Hill, 474 U.S. at 56, 59 (quoting McMann v. Richardson, 397
9  U.S. 759, 771 (1970)).

10  Petitioner's allegations are vague, conclusory, and offer no specific facts from which the
11  Court can determine whether counsel was ineffective or improperly coerced Petitioner into
12  pleading no contest. Petitioner does not identify of which "tangible matters before the superior
13  court" he was ignorant due to counsel's failures and does not identify how and in what manner
14  counsel subjected Petitioner to "two plus hours of manipulation." (ECF No. 1 at 24.) The plea
15  colloquy transcript attached to the petition undercuts Petitioner's claim. Petitioner answered in
16  the negative when asked whether "anybody promised you anything else or threatened you in any
17  way to get you to enter pleas on this case." (ECF No. 1 at 39.) Petitioner answered in the
18  affirmative when asked whether he "had enough time to talk to your lawyer" and whether he was
19  "satisfied with [counsel's] services." (Id. at 43.) See United States v. Ross, 511 F.3d 1233, 1236
20  (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong
21  presumption of veracity in subsequent proceedings attacking the plea."). Petitioner's counsel
22  answered in the affirmative when asked whether counsel advised Petitioner "of the nature of the
23  charges, the consequences of his plea, any possible defenses he might have" and whether it is
24  counsel's "belief [Petitioner] understands these matters." (Id. at 44.) Accordingly, Petitioner has
25  not established that his involuntary plea claim is not plainly meritless.

26  In Ground Four, Petitioner asserts ineffective assistance of counsel, alleging that counsel
27  did "not respond to request," did not provide full discovery, did not find Petitioner's alibi
28  witness, did not hire an identity expert, did not address Senate Bill 1437, and did not "address the

5

1 evidence in favor of Petitioner." (ECF No. 1 at 27.) Again, Petitioner's allegations are vague, conclusory, and offer no specific facts from which the Court can determine whether counsel was ineffective. Petitioner does not identify what type of request counsel failed to respond to and what favorable evidence counsel failed to address. The fact that counsel did not provide Petitioner with full discovery does not demonstrate that counsel was acting "outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. 668, 690 (1984). As to the fact that counsel did not find Petitioner's alibi witness or hire an identity expert, the Marsden hearing transcript attached to the petition undercuts Petitioner's claims. Petitioner did not mention the alibi witness, who he only identified as a "Mr. Martinez," until after the plea, which occurred on the day trial was supposed to start. (ECF No. 1 at 77–80.) Although the defense team "went and looked for them," the search for the alibi witness "didn't turn up to be fruitful." (ECF No. 1 at 78.) See Strickland, 466 U.S. at 691 ("counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary"). Further, there was video evidence and counsel stated that "the evidence was somewhat overwhelming as to the identification as to [Petitioner.]" (ECF No. 1 at 78.) Petitioner makes no allegations that an identity expert could be found and would have testified on his behalf. See Wildman v. Johnson, 261 F.3d 832, 839 (9th Cir. 2001) (speculation that an expert could be found and would have testified on defendant's behalf is insufficient to establish ineffective assistance of counsel claim). Regarding Senate Bill 1437, Petitioner was denied relief in the state court, People v. Padilla, No. F085064, 2023 WL 6934811, at *8 (Cal. Ct. App. Oct. 20, 2023),[4] and "a defendant claiming ineffective assistance of counsel for failure to file a particular motion must not only demonstrate a likelihood of prevailing on the motion, but also a reasonable probability that the granting of the motion would have resulted in a more favorable outcome in the entire case," Styers v. Schriro, 547 F.3d 1026, 1030 n.5 (9th Cir. 2008).

///

---

[4] The Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (internal quotation marks and citation omitted)). See also United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through PACER.").

## III.

## RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that Petitioner's motion to stay be DENIED and the petition for writ of habeas corpus be DISMISSED without prejudice.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 18, 2025**

STANLEY A. BOONE
United States Magistrate Judge