# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO PADILLA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROBERTO A. ARIAS,<br><br>　　　　Respondent. | No. 1:25-cv-00019 JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PETITIONER'S MOTION TO STAY, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(Doc. 6) |

　　Francisco Padilla is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　On March 18, 2025, the magistrate judge issued findings and recommendations to deny Petitioner's motion to stay and dismiss without prejudice the petition for writ of habeas corpus for failure to exhaust state judicial remedies. (Doc. 6.) On April 14, 2025, Petitioner timely filed objections. (Doc. 7.)

　　According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of the case. Having carefully reviewed the matter, including Petitioner's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. Petitioner is not entitled to a stay because his unexhausted claims are plainly meritless. Grounds One and Two are

1

plainly meritless because, as the findings and recommendations indicate, they raise errors of state law. (*See* Doc. 6 at 3.) In Ground Three, Petitioner asserts that the trial court erred by denying his *Marsden* motion and motion to withdraw his guilty plea. As the findings and recommendations explain, the Petition fails to explain how there was an irreconcilable conflict or complete breakdown of communications, allegations necessary to support his *Marsden* claim. (*Id*. at 4.) As to the claim concerning denial of his motion to withdraw his guilty plea, Petitioner contends that his lawyer failed to present options to him and subjected him to "hours of manipulation." (*See id*.) Relatedly, in Ground Four, Petitioner alleges that his lawyer was ineffective in various other ways, including by not responding to Petitioner's requests, not providing him with discovery, not identifying an alibi witness or identity expert, and/or not addressing certain other issues. (*Id*. at 5–6.) The findings and recommendations correctly explain that Petitioner's allegations on these issues are vague and conclusory, particularly given otherwise contradictory information in the record. (*Id*. at 6–7.)

Attached to Petitioner's objections are court transcript excerpts from the day of his guilty plea. (Doc. 7 at 4–9.) The excerpts reveal that the Tulare County Superior Court judge gave the defense a frank assessment of the government's evidence and then recessed to provide the parties an opportunity to discuss a resolution. (*Id*. at 4–6.) After the recess, the parties returned to enter pleas. (*Id*. at 7–9.) Petitioner's attempts to spin the transcript to support his claims are not persuasive. For example, Petitioner suggests the Superior Court judge indicated the plea agreement he ultimately entered into was a "bad deal," (Doc. 7 at 2), when the court was referring to the <u>*defendants*</u>' conduct as a "bad deal." (*See id*. at 6.)[1] In sum, these excerpts and Plaintiff's related arguments do not undermine the reasoning set forth in the findings and recommendations.

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus

---

[1] The meaning of the court's comment is clear when placed in context. "The People have a pretty rock-solid case. I haven't heard from the defense. But this is a bad deal. The assailants that came into this house with guns and masks, and then it's shoot-out at the O.K. Corral. Their buddy gets killed. Magana gets shot. They shoot up the house as they leave. The jury is not going to have any sympathy. These people, they're bad guys if these allegations are true and these are the guys that did it." (Doc. 7 at 6.)

1 has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. The Court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)).

Reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on March 18, 2025 (Doc. 6) are **ADOPTED IN FULL**.
2. Petitioner's motion to stay is **DENIED**.
3. The petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.
4. The Clerk of Court is directed to **CLOSE THE CASE**.
5. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **April 22, 2025**

UNITED STATES DISTRICT JUDGE

3